UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NICOLE FERGUSON,<br><br>  Plaintiff,<br><br>vs.<br><br>EAST RIVER EXPEDITE, INC., d/b/a THE UPS STORE,<br><br>  Defendant. | Civ. 21-4086<br><br>**COMPLAINT AND REQUEST FOR TRIAL BY JURY** |

Plaintiff Nicole Ferguson brings this discrimination in employment action, stating the following claims against East River Expedite, Inc., d/b/a The UPS Store:

### JURISDICTION

1. This action for discrimination on the basis of sex arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Nicole Ferguson ("Ferguson") is an adult resident of Lennox, South Dakota.

3. East River Expedite, Inc., doing business as The UPS Store, is a business services center that operates store # SF2125 at 2601 South Minnesota Avenue, Suite 105, Sioux Falls, SD, 57105 ("The UPS Store").

4. At all relevant times, The UPS Store was an employer within the meaning of 42 U.S.C. § 2000e(b).

5. At all relevant times, Ferguson was an employee of The UPS Store within the meaning of 42 U.S.C. § 2000e(f).

6. Ferguson timely filed a Charge of Discrimination with the Equal Opportunities Commission on July 23, 2020, based on sex (pregnancy).

1

7. The Equal Opportunities Commission issued its Notice of Right to Sue on February 22, 2021.

8. As such, this Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred within the Southern District of the District of South Dakota.

## FACTUAL ALLEGATIONS

10. Ferguson was hired at The UPS Store in 2016.

11. After only a few months of employment, Ferguson was promoted to Store Manager.

12. In this position, she excelled and received positive feedback from her then-supervisor, Reva Johnson.

13. In February 2019, Dennis Cromwell ("Cromwell") purchased The UPS Store.

14. A few months later, Cromwell conducted a performance review with Ferguson, giving her a "good review," a raise in compensation, and recommended her for educational courses to advance her employment position.

15. Then, in or around May/June 2019, Ferguson announced to Cromwell and her coworkers that she was pregnant.

16. Cromwell thereafter began treating Ferguson much differently and adversely, including but not limited to asking Ferguson if she was still on her medication (referring to her pregnancy).

17. There was no formal maternity leave policy in place at The UPS Store.

18. In discussing maternity leave with Cromwell, Ferguson stated she anticipated taking eight to ten weeks of leave, which Cromwell approved.

19. On January 27, 2020, Ferguson gave birth to her son and began maternity leave.

20. Less than one month later, on February 21, 2020, Cromwell began contacting Ferguson and asking her when she was planning to return to work.

21. Ferguson responded that although she initially planned to take eight to ten weeks of maternity leave, she now desired to take twelve weeks.

22. Cromwell responded "Ok." He did not tell her she could not take the additional leave, nor did he tell her it would be problematic for Ferguson to take additional leave.

23. Two days later, while Ferguson was still on maternity leave, Cromwell reached out to Ferguson again, asking if she would be willing to meet with him and other managers for a two-hour meeting to discuss "staffing/organizational issues and plan[s] for summer."

24. A meeting occurred on Monday, March 9, 2020, per Cromwell's request, at which point Cromwell informed Ferguson that he was "frustrated" and was "not pleased" about her taking additional maternity leave. At no point, however, did Cromwell inform Ferguson that she could not take the additional leave.

25. On March 30, 2020, Cromwell held a meeting with other employees, informing them that he was going to terminate Ferguson. In discussing Ferguson's impending termination, he mentioned the fact that her termination related to her pregnancy, namely her desire to take twelve weeks of maternity leave.

26. The topic of the meeting then switched to the COVID-19 pandemic and how it may impact The UPS Store. One employee asked if there were stores closing. Cromwell stated that while some stores were closing, they (i.e., Defendant's stores) were fortunate. In fact, despite the pandemic, in March 2020 Defendant's stores did $25,000 more in business than they had in March

2019. Cromwell followed-up with information by saying "nobody [was] in danger. [He will] keep people on."

27. Yet, three days later, on April 2, 2020, Cromwell requested another meeting with Ferguson during which he stated he was "anticipating a huge drop-off in business" and "there is no way he can bring her back." Accordingly, Cromwell told Ferguson that because of The UPS Store's financial situation, he cannot keep people and he must terminate her.

28. In terminating her, Cromwell said, "it has nothing to do with your performance. It is nothing you did or didn't do. I just can't afford—I gotta get rid of people." Later in the conversation, he followed up these sentiments by saying, "You have been and you are a valuable employee . . . but I gotta try to keep the business surviving."

29. Notably, during the EEOC investigation process, Cromwell offered a number of verified factual statements, purporting said factual statements to be "true and correct to the best of [his] knowledge, and accurately reflect the position of [The UPS Store]."

30. However, there were multiple untruths contained in in his verified statements, including that Cromwell informed Ferguson she was being terminated because of her "performance, unilateral decision to take unauthorized leave . . . , and that the store would be over-staffed as a direct result of the COVID-19 pandemic."

31. Moreover, although Cromwell informed Ferguson that she would not be the only employee terminated and that for the foreseeable future he has to "get rid of people," on information and belief, Ferguson has been the only employee terminated.

32. That Cromwell was willing to lie, in a verified statement, to the EEOC regarding the circumstances under which Ferguson was terminated is evidence of pretext.

## COUNT I
### Sex/Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978

33. Plaintiff incorporates the foregoing paragraphs by reference.

34. United States Code chapter 42 section 2000e-2(a)(l) provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... sex[.]"

35. The Pregnancy Discrimination Act of 1978 made it clear that Title VII applies to discrimination based on pregnancy, stating employers must treat "women affected by pregnancy . . . the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work."  42 U.S.C. § 2000e(k).

36. Ferguson was a member of a protected class.

37. Ferguson was qualified for her position as Store Manager and had been performing her duties adequately.

38. Ferguson was terminated on the basis of her sex, pregnancy, and related maternity leave, which constituted intentional discrimination against Ferguson by Defendant on the basis of her sex.

39. Ferguson was treated less favorably than similarly situated male employees and female employees who were not pregnant.

40. Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e-2.

41. As a result of Defendant's conduct, Ferguson has suffered and will continue to suffer past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.

42. Ferguson is entitled to attorneys' fees and costs incurred in connection with these claims.

43. Ferguson is entitled to punitive damages because the above-alleged acts were committed with malice, or reckless or deliberate disregard for Ferguson's rights and safety.

## COUNT II
### Sex Discrimination in Violation of
### SDCL § 20-13-10 (State Law Claim)

44. Plaintiff incorporates the foregoing paragraphs by reference.

45. Pursuant to SDCL § 20-13-10, "It is unfair or discriminatory practice for any person, because of . . . sex . . . to discharge an employee, or to accord adverse or unequal treatment to any person, employee, or intern with respect to application, hiring, training, apprenticeship, tenure, promotion, upgrading, compensation, layoff, or any term or condition of employment."

46. Defendant treated Ferguson adversely and unequally in her employment because of her sex, specifically her pregnancy and related maternity leave.

47. Defendant intentionally engaged in unlawful employment practices in violation of SDCL § 20-13-10.

48. As a result of Defendant's conduct, Ferguson has suffered and will continue to suffer past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.

49. Ferguson is entitled to attorneys' fees and costs incurred in connection with these claims.

50.     Ferguson is entitled to punitive damages because the above-alleged acts were committed with malice, or reckless or deliberate disregard for Ferguson's rights and safety.

WHEREFORE, Plaintiff Nicole Ferguson prays for judgment against Defendant East River Expedite, Inc., d/b/a The UPS Store as follows:

A.      For all relief available to Plaintiff, including compensatory relief and damages arising from loss of past and future income, benefits, emotional distress, and other damages, with interest on such amounts, and punitive damages in an amount in excess of $75,000;

B.      For Plaintiffs attorneys' fees, costs and disbursements incurred herein; and

C.      For such other and further relief available.

Dated at Sioux Falls, South Dakota, this 10th day of May, 2021.

> DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.
>
> */s/ Ashley R. Brost*
> Reece M. Almond
> Ashley R. Brost
> 206 West 14th Street, P.O. Box 1030
> Sioux Falls, SD 57101-1030
> Telephone (605) 336-2880
> Facsimile (605) 335-3639
> E-mail: ralmond@dehs.com
>                abrost@dehs.com
> *Attorneys for Plaintiff Nicole Ferguson*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

> */s/ Ashley R. Brost*
> Ashley R. Brost

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nicole Ferguson

**(b)** County of Residence of First Listed Plaintiff: Lincoln County, SD, USA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Reece Almond and Ashley Brost, Davenport, Evans, Hurwitz & Smith
206 W 14th Street, Sioux Falls, SD 57104   605-336-2880

## DEFENDANTS
East River Expedite, Inc. d/b/a The UPS Store

County of Residence of First Listed Defendant: Lincoln County, SD, USA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Eric Steinhoff and Molly de la Vega, Lind, Jensen, Sullivan & Peterson
1300 AT&T Tower, 901 Marquette Ave S, Minneapolis, MN 55402

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e

Brief description of cause:
Employment discrimination on the basis of sex under Title VII

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/10/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE